**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**MAURICE BARNES,**

**Petitioner,**

**v.** **Case No. 26-CV-1777**

**ROBERT MILLER,**

**Respondent.**

---

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

---

Maurice Barnes, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. He filed his petition using the form for petitions under 28 U.S.C. § 2241. However, because he is challenging the revocation of his extended supervision related to a conviction in Kenosha County Circuit Court, his petition is properly under 28 U.S.C. § 2254. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000); *see also Lewis v. Guokas*, No. 16-CV-1288, 2016 U.S. Dist. LEXIS 142555, at *1 (E.D. Wis. Oct. 14, 2016) (reconstruing 2241 petition challenging revocation of extended supervision as 2254 petition).

Instead of requiring Barnes to resubmit his petition using the § 2254 form, the court can simply construe the petition as coming under 28 U.S.C. § 2254. But before reconstruing the petition the court is required to advise Barnes that he is generally limited to filing only one petition under § 2254. *See* 28 U.S.C. § 2244(b); *Estrada v.*

*Smith*, No. 08-CV-789, 2008 U.S. Dist. LEXIS 92388, at *3 (E.D. Wis. Oct. 28, 2008); *Ghashiyah v. Kingston*, No. 06C0015, 2006 U.S. Dist. LEXIS 21981, at *2-3 (E.D. Wis. Mar. 28, 2006); *Simpson v. Pollard*, No. 15-1319, 2015 U.S. App. LEXIS 22987, at *2 (7th Cir. June 22, 2015) (unpublished); *see also Castro v. United States*, 540 U.S. 375, 377 (2003) (holding court must notify litigant of potential consequences before recharacterizing motion as a motion under § 2255).

Therefore, the court will afford Barnes **21 days** from the date of this order to voluntarily dismiss his petition if he does not wish the court to reconstrue it as a petition under 28 U.S.C. § 2254. If Barnes does not notify the court within **21 days** of the date of this order that he wishes to voluntarily dismiss his petition, the court will construe it as arising under 28 U.S.C. § 2254 and preliminarily review it in accordance with Rule 4 of the Rules Governing Section 2254 Cases.

Additionally, the court reminds Barnes that, before seeking habeas corpus relief in federal court, he is generally required to exhaust all available remedies in state court. This usually requires presenting to each level of the Wisconsin judiciary, including the court of appeals and the Wisconsin Supreme Court, each claim he seeks to present to the federal court. If a petitioner fails to exhaust his remedies in state court, the federal court is prohibited from granting the petitioner relief.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 21st day of October, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge